UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**ADEMCO INC. (D/B/A RESIDEO)**,

Plaintiff,

— against —

**TWS TECHNOLOGY LTD.** and **TWS TECHNOLOGY LLC**,

Defendants.

---

Case No. _____

**NOTICE OF REMOVAL**

---

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant TWS Technology Ltd. ("**TWS Limited**") removes this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, TWS Limited avers as follows:

**Case Background**

1. On June 7, 2023, Plaintiff Ademco Inc. (D/B/A Resideo) ("**Resideo**"), commenced this action against TWS Limited and TWS Technology LLC ("**TWS LLC**") in the Supreme Court of the State of New York, New York County, captioned *Ademco Inc. v. TWS Technology et al*, Index No. 652743/2023 ("**State Court Action**").

2. A true and correct copy of the Complaint is attached as **Exhibit 1**.

3. True and correct copies of all other filings in the State Court Action are attached as **Exhibit 2**. No other documents have been filed in the State Court Action as of this filing.

4. As set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the procedural requirements for removal have been satisfied, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**This Court Has Diversity Jurisdiction**

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Resideo claims over $1 million in damages, exclusive of interests and costs. (Compl. ¶¶ 65, 69, 76 & 81.)

7. There is also complete diversity of citizenship between plaintiff and defendants:

   a. Resideo is a citizen of Delaware and Arizona. (*See* Compl. ¶ 1 (Resideo "is a corporation organized under Delaware law … with its principal place of business in Scottsdale, Arizona.").)

   b. TWS Limited is a foreign citizen for purposes of diversity jurisdiction. TWS Limited is a Hong Kong limited company with is principal place of business at 11/F, Tung Hip Commercial Building, 244-248 Des Voeux Road Central Sheung Wan, Hong Kong.

   c. TWS LLC is a foreign citizen for purposes of diversity jurisdiction. TWS LLC is a Delaware limited liability corporation. TWS LLC has one member, TWS Limited, which, as discussed above, is a Hong Kong limited company.

**All Procedural Requirements for Removal Are Satisfied**

8. This Notice of Removal is being filed in the United States District Court for the Southern District of New York, the district in which the State Court Action is pending. No prior application for this relief has been made.

9. Pursuant to a stipulation between the parties filed in the State Court Action, TWS Limited was served with process effective August 24, 2023. (Exhibit 2 at 8-9.) This notice of removal is thus timely under 28 U.S.C. § 1446 because it is being filed within 30 days of that date.

10. Although not relevant to the timeliness of this Notice of Removal, an affirmation of service filed in the State Court Action indicates that TWS LLC was served with process as of June 9, 2023. (*Id.* at 2.) Pursuant to 28 U.S.C. § 1446(b)(2)(C), TWS LLC consents to removal to this Court. **Exhibit 3** is a true and correct document evidencing TWS LLC's consent.

11. Pursuant to 28 U.S.C. § 1446(d), TWS Limited will promptly give written notice of this Notice of Removal to all counsel of record in the State Court Action, and will file a copy of this Notice of Removal with the clerk of the State Court Action.

12. By removing this action, TWS Limited does not waive any defenses available to it, and does not admit any of the allegations in the Complaint.

### The Parties Stipulated to Extend Both Defendants' Time to Respond to the Complaint

13. Pursuant to a stipulation by all parties that was filed in the State Court Action, both defendants "shall each have 60 days from this stipulation's effective date to file any answers or responsive motions to the Complaint." (Ex. 2 at 8-9.)

14. Thus, upon removal, both defendants have until October 23, 2023, to respond to the Complaint. *E.g.*, *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 108-09 (2d Cir. 2006) (courts must "give effect to all actions" that were "accomplished in a state court prior to removal").

- 4 -

WHEREFORE, TWS Limited removes the above-captioned action to the United States District Court for the Southern District of New York.

| | |
|---|---|
| Respectfully submitted: | **REED SMITH LLP** |
| Dated: September 21, 2023<br>New York, New York | */s/ John C. Scalzo*<br>John C. Scalzo<br>Casey J. Olbrantz<br>599 Lexington Avenue<br>New York, NY 10022<br>(212) 521-5400<br>jscalzo@reedsmith.com<br>colbrantz@reedsmith.com<br><br>*Counsel for TWS Limited* |