**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ADEMCO INC. (D/B/A RESIDEO),**

Plaintiff,

— against —

**TWS TECHNOLOGY LTD.** and
**TWS TECHNOLOGY LLC,**

Defendants.

No. 23-cv-08383(AS)(SLC)

---

# Memorandum of Law in Support of Defendants' Rule 12 Motion to Dismiss

---

**REED SMITH LLP**

John C. Scalzo
Casey J. Olbrantz
599 Lexington Avenue
New York, NY 10022

*Counsel for Defendants*

## TABLE OF CONTENTS

**Table of Authorities** ................................................................................. iii

**Introduction** ............................................................................................ 1

**Resideo's Factual Allegations** ................................................................ 2

A.     TWS Hong Kong and TWS USA ...................................................... 2

B.     Resideo Seeks a Manufacturer for Battery Packs ....................... 3

C.     Resideo Issues Purchase Orders to TWS Hong Kong ............... 4

D.     "TWS" Allegedly Breaches the Purchase Orders ...................... 5

**Legal Standards** ...................................................................................... 6

**Argument** ................................................................................................ 7

I.     The Complaint Should be Dismissed for Improper Group Pleading ............... 7

II.     Resideo Fails to Establish Jurisdiction Over TWS USA ........................... 9

III.     Resideo Fails to Plausibly Allege Alter Ego Liability
Against TWS USA ............................................................................ 13

IV.     Resideo Fails to Plausibly State Any Claim For Which
Relief May Be Granted ..................................................................... 15

     A.     The Breach of Contract and Warranty Claims Must
Be Dismissed Because Resideo Fails to Allege It
Provided Pre-Suit Notice to Either Defendant ........................... 15

     B.     Resideo Fails to Allege an "Epidemic Failure" Under
the Purchase Order Against Either Defendant .......................... 16

     C.     The Breach of Contract and Warranty Claims Against
TWS USA Also Fail for Lack of Contractual Privity .................. 17

     D.     Resideo Fails to Plead a Claim for
Negligent Misrepresentation ...................................................... 18

V.     Alternatively, Resideo Should Be Required to Provide a
More Definite Statement of The Complaint Under Rule 12(e) ............... 20

**Conclusion** ............................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

*AHA Sales, Inc. v. Creative Bath Prods., Inc.*,
    58 A.D.3d 6 (2d. Dept. 2008) ............................................................................. 10

*Am. Sales Co. v. Astrazeneca AB*,
    2011 U.S. Dist. LEXIS 41182 (S.D.N.Y. Apr. 14, 2011) ................................... 7, 8

*Anderson v. Greene*,
    774 F. App'x. 694 (2d Cir. May 28, 2019) ......................................................... 17

*Anderson v. Unilever United States, Inc.*,
    607 F. Supp. 3d 441 (S.D.N.Y. 2022) ........................................................... 18, 20

*Arcadia Biosciences, Inc. v. Vilmorin & Cie*,
    356 F. Supp. 3d 379 (S.D.N.Y. 2019) ............................................................... 11

*Array BioPharma, Inc. v. AstraZeneca AB*,
    184 A.D.3d 463 (1st Dept. 2020) ....................................................................... 17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................. 6

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) ............................................................................. 8

*Baldeo v. Airbnb, Inc.*,
    2023 U.S. Dist. LEXIS 176085 (S.D.N.Y. Sept. 29, 2023) ............................... 18

*Barrett v. Tema Development (1988), Inc.*,
    251 Fed. Appx. 698 (2d Cir. Oct. 24, 2007) ..................................................... 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570 (2007) ........................................................................ 6, 13, 20

*Beskrone v. Berlin*,
    2023 U.S. Dist. LEXIS 26094 (S.D.N.Y. Feb. 15, 2023) ............................. 10, 11

*Caraveo v. Nielsen Media Research, Inc.*,
    2002 U.S. Dist. LEXIS 6026 (S.D.N.Y. Apr. 8, 2002) ....................................... 20

*Cleveland-Cliffs Burns Harbor Ltd. Liab. Co. v. Boomerang Tube, Ltd. Liab. Co.*,
    2023 Del. Ch. LEXIS 359 (Del. Ch. Sept. 5, 2023) ..................................... 14, 15

*CWCapital Invs. LLC v. CWCapital Cobalt VR Ltd.*,
   182 A.D.3d 448 (1st Dept. 2020) ............................................................. 17

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................... 9

*Doberstein v. G-P Indus.*,
   2015 Del. Ch. LEXIS 275 (Del. Ch. Oct. 30, 2015) ............................... 15

*Edwardo v. Roman Cath. Bishop of Providence*,
   66 F.4th 69 (2d Cir. 2023) ................................................................ 12-13

*EMA Fin., Ltd. Liab. Co. v. Joey N.Y., Inc.*,
   2019 U.S. Dist. LEXIS 161454 (S.D.N.Y. Sept. 22, 2019) ................... 18

*English v. Danone N. Am. Pub. Ben. Corp.*,
   2023 U.S. Dist. LEXIS 109813 (S.D.N.Y. June 26, 2023) .................... 16

*Fillmore East BS Finance Subsidiary LLC v. Capmark Bank*,
   552 F. App'x 13 (2d Cir. 2014) ............................................................. 10

*Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*,
   2019 U.S. Dist. LEXIS 43682 (S.D.N.Y. Mar. 17, 2019) ..................... 17

*Fleisig v. ED&F Man Capital Mkts., Inc.*,
   2020 U.S. Dist. LEXIS 103678 (S.D.N.Y. June 12, 2020) .................... 17

*Gusmao v. GMT Grp., Inc.*,
   2008 U.S. Dist. LEXIS 58462 (S.D.N.Y. Aug. 1, 2008) ....................... 19

*Holmes v. Allstate Corp.*,
   2012 U.S. Dist. LEXIS 24883 (S.D.N.Y. Jan. 27, 2012) .................... 7, 8

*In re Interest Rate Swaps Antitrust Litig.*,
   261 F. Supp. 3d 430 (S.D.N.Y. 2017) .................................................... 7

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
   609 F.3d 30 (2d Cir. 2010) .................................................................... 7

*JP Morgan Chase Bank v. Winnick*,
   350 F. Supp. 2d 393 (S.D.N.Y. 2004) .................................................. 19

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F.3d 419 (2d Cir. 2011) .................................................................. 7

*Licci v. Lebanese Canadian Bank*,
    732 F.3d 161 (2d Cir. 2013) ..................................................... 7

*Lynch v. City of N.Y.*,
    952 F.3d 67 (2d Cir. 2020) ..................................................... 7, 9

*MacNaughton v. Young Living Essential Oils, LC*,
    67 F.4th 89 (2d Cir. 2023) ..................................................... 16, 18

*Mazella v. Coca-Cola Co.*,
    548 F. Supp. 3d 349 (S.D.N.Y. 2021) ..................................................... 19

*Miramontes v. Ralph Lauren Corp.*,
    2023 U.S. Dist. LEXIS 78991 (S.D.N.Y. May 5, 2023) ..................................................... 19-20

*Navaera Sciences, LLC v. Acuity Forensic Inc.*,
    667 F. Supp. 2d 369 (S.D.N.Y. 2009) ..................................................... 12

*Nieves v. Insight Bldg. Co., LLC*,
    2020 Del. Ch. LEXIS 256 (Del. Ch. Aug. 4, 2020) ..................................................... 14

*Painewebber Inc. v. WHV, Inc.*,
    1995 U.S. Dist. LEXIS 6514 (S.D.N.Y. May 12, 1995) ..................................................... 11, 12

*Paroni v. GE UK Holdings Ltd.*,
    2021 U.S. Dist. LEXIS 148930 (S.D.N.Y. Aug. 9, 2021) ..................................................... 9

*Penguin Group v. American*,
    16 N.Y.3d 295 (2011) ..................................................... 13

*Plusgrade L.P. v. Endava Inc.*,
    2023 U.S. Dist. LEXIS 39114 (S.D.N.Y. Mar. 8, 2023) ..................................................... 8

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013) ..................................................... 16, 17

*Randall's Island Aquatic Leisure, LLC v. City of New York*,
    92 A.D.3d 463 (1st Dept. 2012) ..................................................... 17

*Rosen v. Hyundai Group (Korea)*,
    829 F. Supp. 41 (E.D.N.Y. 1993) ..................................................... 18

*Salahuddin v. Cuomo*,
    861 F.2d 40 (2d Cir. 1988) ..................................................... 7

*Socap United States Inc. v. So.Cap. S.R.L.*,
    2019 U.S. Dist. LEXIS 247795 (S.D.N.Y. Mar. 29, 2019) ...................................... 10

*Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC*,
    366 F. Supp. 3d 516 (S.D.N.Y. 2018) ...................................................................... 8

*Spencer Trask Ventures, Inc. v. Archos S.A.*,
    2002 U.S. Dist. LEXIS 4396 (S.D.N.Y. Mar. 15, 2002) ........................................ 12

*SPRL v. Citigroup Inc.*,
    2011 U.S. Dist. LEXIS 103375 (S.D.N.Y. Sept. 13, 2011) ..................................... 9

*Suber v. VVP Servs., LLC*,
    2023 U.S. App. LEXIS 296 (2d Cir. Jan. 6, 2023) ................................................ 13

TWS Technology Ltd. ("**TWS Hong Kong**") and TWS Technology LLC ("**TWS USA**") respectfully submit this memorandum of law in support of their Rule 12(b)(2) & (6) motion to dismiss the complaint (ECF 1-1) ("**Complaint**") filed by Plaintiff Ademco Inc. (D/B/A Resideo) ("**Resideo**"), or, in the alternative, to require a more definite statement under Rule 12(e).

## INTRODUCTION

This lawsuit arises out of battery packs Resideo purchased from TWS Hong Kong for use in alarm systems Resideo manufactured and sold to a third party. Resideo concedes that some of the battery packs eventually failed due to settings *Resideo itself* used in its own alarm system software. But rather than accept responsibility for its mistake, Resideo is trying to pass its liability up the manufacturing chain to "TWS" with trumped-up claims of breach and misrepresentation. The Complaint is fatally defective and should be dismissed for multiple reasons.

*First*, Resideo named TWS Hong Kong's domestic subsidiary TWS USA as a defendant despite having no contractual relationship with TWS USA and without making any particularized allegations against TWS USA. Rather, Resideo lumped TWS Hong Kong and TWS USA into a defined term, "TWS," and made undifferentiated allegations of wrongdoing against "TWS." By deliberately blurring the line between TWS Hong Kong and TWS USA, Resideo has purposely obscured the acts or statements attributable to each defendant. This failure to differentiate between defendants is impermissible group pleading, and requires dismissal.

*Second*, Resideo fails to establish personal jurisdiction or alter ego liability against TWS USA. The only jurisdictional facts Resideo alleges against TWS USA is that its employees provided some back-office support in connection with TWS Hong Kong's fulfillment of purchase orders, in the form of incidental conversations with Resideo employees in New York. That is not enough to support personal jurisdiction under New York law. Nor does the Complaint allege any

facts to establish TWS Hong Kong dominated and controlled TWS USA or used TWS USA as a sham entity to commit fraud against Resideo. To the contrary, Resideo's own allegations affirmatively establish that TWS USA and TWS Hong Kong are distinct entities with separate corporate identities. In fact, far from being a sham entity created solely to defraud, Resideo itself alleges TWS USA "promotes and sells TWS products to customers" nationwide.

*Third*, Resideo fails to state any claim as a matter of law against either defendant. Resideo's breach of contract and warranty claims are barred because the Complaint does not (and cannot) allege that Resideo satisfied the Uniform Commercial Code's requirement of timely notice of breach. Nor does the Complaint allege that Resideo satisfied the contract's conditions precedent of notice and a remediation plan before claiming that a defendant breached any contractual "Epidemic Failure" obligations, much less that any contracts even exist between Resideo and TWS USA (they do not).

*Finally*, Resideo fails to plead its negligent misrepresentation claim with particularity as required. But even if particularized, the claim nonetheless fails because Resideo cannot establish a special relationship nor overcome the economic loss doctrine.

## RESIDEO'S FACTUAL ALLEGATIONS[1]

### A.    TWS Hong Kong and TWS USA

TWS Hong Kong is "one of the world's largest specialized battery-pack manufacturers." (Compl. ¶ 2.) Its "wholly owned subsidiary," TWS USA, is organized under Delaware law and has offices in California, Florida, Georgia, Illinois, Massachusetts, and Nevada. (*Id.* ¶ 3.)

TWS USA and TWS Hong Kong observe corporate formalities and have distinct operations. (*Id.* ¶ 3 (alleging TWS USA has a principal place of business and seven independent

---

[1]    The Complaint's allegations are taken as true only for purposes of this motion to dismiss.

offices); ¶ 14 (alleging TWS Hong Kong "authorized" TWS USA to "act on its behalf"); ¶ 16 (alleging TWS USA employees are "enlisted" to "assist" TWS Hong Kong with the latter's performance of contracts); ¶ 43 (alleging distinct TWS USA employees instructed Resideo to communicate with them, rather than TWS Hong Kong employees).  TWS USA also promotes and sells TWS products to customers other than Resideo.  (*Id.* ¶ 18.)

Nonetheless, Resideo claims that TWS USA is TWS Hong Kong's "alter ego" based on allegations that: (i) TWS Hong Kong "has the right to exercise control over" over TWS USA and "does in fact control that entity"; (ii) TWS USA "is exclusively dedicated to assisting" TWS Hong Kong "and furthering that entity's interests"; and (iii) TWS USA "cannot act" on "important decisions" "without approval from" TWS Hong Kong.  (*Id.* ¶ 14.)

Outside of Resideo's conclusory jurisdictional and alter ego allegations, the entire Complaint engages in impermissible group pleading.  Almost every factual allegation is about "TWS"—a defined term in the Complaint's introductory paragraph that lumps both defendants together.  As a result of its obscuring of the two defendants, Resideo's Complaint alleges, incredibly, that essentially every factual allegation going to liability equally applies to both TWS Hong Kong and TWS USA.

### B.      Resideo Seeks a Manufacturer for Battery Packs

Resideo sells home automation, security, and energy-management products.  (*Id.* ¶ 21.)  In 2017, Resideo issued a request for proposal for the design and manufacture of a backup battery pack that it intended to use in a product it sold to non-party ADT, LLC ("**ADT**").  (*Id.* ¶¶ 22-24.)  Resideo alleges it "sought a battery supplier that could both design and manufacture the backup battery pack," and it purportedly "informed potential suppliers about the battery pack's intended use and relevant operation parameters" and "was clear" to suppliers that Resideo "intended to rely

on" the "supplier's expertise to design an adequate battery pack." (*Id.* ¶¶ 25-26.) Resideo does not allege that it did not have its own relevant technical specializations.

At some point in 2017, Resideo "selected TWS as its battery-pack supplier," purportedly because of its "expertise" "with batteries" and with "designing battery packs." (*Id.* ¶¶ 27, 30.) Thereafter, "TWS" "developed a battery-pack design" and began manufacturing packs "using battery cells purchased from LG Corporation." (*Id.* ¶¶ 29-30.)

### C.   Resideo Issues Purchase Orders to TWS Hong Kong

After selecting "TWS" as the supplier, Resideo issued several purchase orders for the delivery of goods. (*Id.* ¶ 39.) Resideo attached one purchase order to the Complaint. (*See id.*, Exhibit A (ECF 1-1 at 20-26) ("**Purchase Order**").) The Complaint indicates that the terms and conditions of all purchase orders issued by Resideo were purportedly the same as the Purchase Order. (*Id.* ¶¶ 4-8.) Resideo also claims, dubiously, that the Purchase Order contains the only contractual terms that govern this dispute. (*Id.* ¶ 4.)

Although Resideo misleadingly uses the defined term "TWS" to indicate that both defendants were issued and fulfilled such purchase orders, the Complaint concedes that only *TWS Hong Kong* issued and fulfilled orders. (*E.g.*, *Id*. ¶¶ 9, 13, 16.) The Purchase Order makes no reference to TWS USA, and exclusively identifies TWS Hong Kong as the counterparty.

In relevant part, the Purchase Order contains the following provisions:

- **Place of Delivery.** TWS Hong Kong was instructed to ship all goods to El Paso, Texas. (Purchase Order at 1.)

- **Resideo Representative.** The Purchase Order identifies Yazmin Portillo as Resideo's "approver" and "contact" for TWS Hong Kong in connection with the transaction. (*Id.*) The Purchase Order provides an El Paso phone number for TWS Hong Kong to contact Portillo. (*Id.*)

- **Epidemic Failures.**  The same section of the Purchase Order also states that:

  If, following delivery, Goods exhibit a substantially similar repetitive root cause, failure mode or defect indicating a common or systemic failure ("Epidemic Failure"), then …: (a) the party discovering the failure will promptly notify the other and Supplier will provide to Resideo a preliminary plan for problem diagnosis within one business day of such notification…; (b) Supplier and Resideo will diagnose the problem, plan an initial work-around and effect a permanent solution; (c) Supplier and Resideo will agree on a plan for customer notification, replacement scheduling and remediation…; and (d) Supplier is responsible for all costs and damages associated with any Epidemic Failure.

- **Governing Law.**  Resideo alleges that, pursuant to the Purchase Order, its purchases from TWS Hong Kong are "governed by the laws of the State of New York" and that "the federal or state courts in New York, New York will have exclusive jurisdiction of any dispute."  (*Id.* at 7.)

From November 2017 through October 2021, pursuant to the terms of the Purchase Order, Resideo purchased "about 750,000 battery packs" from TWS Hong Kong at a cost of "significantly more than $1 million."  (Compl. ¶¶ 10, 39, 42.)  Although Resideo concedes that TWS Hong Kong fulfilled the orders, Resideo alleges that it "largely communicated about these orders" with TWS USA employees, who purportedly "handled project orders, production forecasts, deliveries, and payments."  (*Id.* ¶ 43.)

Although this information would be within its own knowledge, Resideo alleges "on information and belief" that TWS USA employees told Resideo that it should direct "questions" to TWS USA employees "unless the issues related to product quality or engineering."  (*Id.*)  The Complaint does not explain why Resideo is unsure of what it was purportedly told.  Through these interactions, Resideo alleges that TWS USA somehow "also agreed to the Purchase Orders and the applicable terms and conditions." (*Id.* ¶ 17.)

### D.    "TWS" Allegedly Breaches the Purchase Orders

In July 2018, Resideo purportedly undertook its own testing of battery packs that "TWS" had manufactured, and Resideo allegedly discovered a technical "issue" related to the packs'

current interruption devices ("**CID**").  (*Id.* ¶¶ 31-33.)  Resideo informed "TWS," which provided

"recommendations" about how to "fix the problem."  (*Id.* ¶¶ 36-37.)  Resideo implemented the

fixes with apparent success.  (*Id.*)

But in July 2021, Resideo "began receiving reports from ADT of widespread battery-pack

failures in the field."  (*Id.* ¶ 51.)  The parties investigated and concluded it was the "same" CID

issue that arose in 2018.  (*Id.* ¶ 52.)  Resideo alleges that "the root cause" of the issue "was that

the battery packs were being used in high-heat environments and overcharging," and claims that

the battery packs were supposed to be manufactured with such issues in mind.  (*Id.* ¶¶ 53-54.)

Resideo filed this lawsuit in June 2023.  The Complaint includes the same claims against

both defendants for breach of contract (*id.* ¶¶ 60-65), breach of express warranty (*id.* ¶¶ 66-69),

breach of implied warranty (*id.* ¶¶ 70-76), and negligent misrepresentation (*id.* ¶¶ 77-81).

Generally, Resideo contends that "TWS failed to provide battery packs sufficient for the intended

use and warranted life," thereby breaching the Purchase Order's warranty and causing Resideo

damages through its liabilities to ADT.  (*Id.* ¶¶ 54-58.)  Resideo also conclusorily alleges that

"TWS" negligently misrepresented that the "packs were suitable for their intended use." (*Id.* ¶ 57.)

## <u>LEGAL STANDARDS</u>

To survive a motion to dismiss under Rule 12(b)(6), Resideo's Complaint "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  Resideo's "obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss under Rule 12(b)(2), Resideo bears the burden of "mak[ing] a prima facie showing that jurisdiction exists" over each defendant. *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 167 (2d Cir. 2013). This entails "making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010).

Although well-pled allegations are assumed true, the Court should not credit "conclusory" allegations or "legal conclusions." *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020). It should also not credit generalized allegations that are belied by "more specific allegations or documentary evidence," *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011), nor "sweeping" "collective allegations" about separate defendants. *In re Interest Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 430, 478 (S.D.N.Y. 2017).

## ARGUMENT

### I.    THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER GROUP PLEADING

The Complaint should be dismissed in its entirety because Resideo has failed to give each defendant fair notice of what the claims are and the grounds upon which they rest. Rule 8(a). "[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "[A] complaint against multiple defendants" must "indicate clearly the defendants against which relief is sought and the basis upon which relief is sought against the particular defendants." *Am. Sales Co. v. Astrazeneca AB*, 2011 U.S. Dist. LEXIS 41182, at *15 (S.D.N.Y. Apr. 14, 2011). Rule 8(a) "is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it." *Holmes v. Allstate Corp.*, 2012 U.S. Dist. LEXIS 24883, at *69-70 (S.D.N.Y. Jan. 27, 2012).

A complaint should be dismissed if it "lump[s] all the defendants together in each claim" and fails to "distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

Resideo's group pleading in this case is flagrant.  The Complaint's introduction collectively defines TWS Hong Kong and TWS USA as "TWS."  In the 60 allegations that comprise the Complaint's factual background and causes of action sections (*see* Compl. ¶¶ 21-81), Resideo specifically identified TWS Hong Kong or TWS USA in *one allegation*.  (*Id*. ¶ 43.)  Throughout these 60 allegations, Resideo indistinguishably used the defined term "TWS" *71 times*.  That was no accident.  In stark contrast, Resideo differentiated TWS Hong Kong and TWS USA with specificity throughout the Complaint's extensive "Jurisdiction and Venue" section.  (*Id*. ¶¶ 4-20.)  In that context, Resideo specifically identified TWS Hong Kong and TWS USA *35 times*, and used the defined term "TWS" merely six times.

This deliberate obscuring of the defendants unfairly prejudices their ability to understand the basic nature of the claims against them.  Resideo should not be permitted to hide the defects in its claim by group-pleading all of its non-jurisdictional allegations.  Indeed, courts "routinely dismiss" complaints that use "generic group allegations," even where defendants are "affiliated entities." *Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC*, 366 F. Supp. 3d 516, 559 (S.D.N.Y. 2018); *Atuahene*, 10 F. App'x at 34 (affirming dismissal of group-pled complaint); *Holmes*, 2012 U.S. Dist. LEXIS 24883, at *69 (dismissal where plaintiff failed to "differentiate" defendants and did not "allege the nature of each particular defendant's misconduct"); *Astrazeneca AB*, 2011 U.S. Dist. LEXIS 41182, at *15 (dismissing group-pled complaint for "lack of clarity in attributing conduct traceable" to each defendant); *Plusgrade L.P. v. Endava Inc.*, 2023 U.S. Dist. LEXIS 39114, at *14 (S.D.N.Y. Mar. 8, 2023) (same; "Unless defendants know what they are alleged to have done, they are shadow-boxing").  This Court should do the same here.

## II.       RESIDEO FAILS TO ESTABLISH JURISDICTION OVER TWS USA

TWS USA should also be dismissed because the Complaint fails to establish personal jurisdiction.  Resideo offers multiple jurisdictional theories (Compl. ¶¶ 14-19), but each one fails.

*First*, Resideo does not allege that TWS USA is "essentially at home" in New York.  As such, there is no basis for general jurisdiction.  *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

*Second*, the Court does not have jurisdiction based on the allegation that TWS USA is TWS Hong Kong's "agent." (Compl. ¶ 14.)  As a threshold matter, this theory fails because the allegation is conclusory and Resideo has not pled facts establishing an agency relationship.  *Lynch*, 952 F.3d at 74.  More fundamentally, New York "does not permit the acts of a principal to be imputed to a foreign agent to confer jurisdiction."  *Société d'Assurance de l'Est SPRL v. Citigroup Inc.*, 2011 U.S. Dist. LEXIS 103375, at *21 (S.D.N.Y. Sept. 13, 2011) (citing *Int'l Customs Assocs., Inc. v. Ford Motor Co.*, 893 F. Supp. 1251, 1262 (S.D.N.Y. 1995)).

*Third*, Resideo fails to establish alter ego jurisdiction (Compl. ¶ 14), which requires Resideo to pierce the corporate veil and demonstrate that TWS Hong Kong has "extraordinary control" over TWS USA.  *Paroni v. GE UK Holdings Ltd.*, 2021 U.S. Dist. LEXIS 148930, at *21 (S.D.N.Y. Aug. 9, 2021) (citing *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117 (2d Cir. 1984) ("extraordinary control" factors include degrees of: (i) common ownership and interlocking executive staff, (ii) financial dependence, (iii) parent interference and failure to observe corporate formalities, and (iv) parent control over marketing and operations)).  Resideo's Complaint fails to offer *any* nonconclusory allegations to support veil-piercing.  The only relevant allegation is Paragraph 14, which generically alleges, "on information and belief," that TWS USA is: (i) "exclusively dedicated to assisting" and "furthering" the "interests of," and is "authorized to act" for, TWS Hong Kong, and (ii) that TWS Hong Kong "does in fact control" TWS USA, which cannot make "important decisions" "without approval."  (Compl. ¶ 14.)  These allegations are too

generalized to be credited.  *AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6, 24 (2d.

Dept. 2008) (Plaintiff must support alter ego arguments with "specific factual allegations");

*Fillmore East BS Finance Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 4 (2d Cir. 2014)

("[G]eneralized and conclusory allegations regarding common ownership, employees,

management, control, and decisionmaking" are "plainly insufficient").

      Even if the allegations could be credited, they do not come close to establishing Resideo's

"demanding" burden to show that TWS USA's corporate identity is a "mere façade."  *Socap United*

*States Inc. v. So.Cap. S.R.L.*, 2019 U.S. Dist. LEXIS 247795, at *16-18 (S.D.N.Y. Mar. 29, 2019).

The Complaint contains no allegations of "interlocking" or "overlapping" staff, financial

dependence, lack of observance of corporate formalities, or domination of day-to-day operations.

To the contrary, Resideo *affirmatively alleges* that the defendants have distinct employees, offices,

and principal places of business; that they observe corporate formalities; and that TWS USA is not

an artifice for fraud but rather a real business with a national customer base.  (Compl. ¶¶ 3, 14, 16,

18, 43.)  Resideo's alter ego theory thus fails.  *Socap United States Inc.*, 2019 U.S. Dist. LEXIS

247795, at *16-18 (no alter ego jurisdiction even where purported sham entity had no cash or

office, and had interlocking employees and operations); *Beskrone v. Berlin*, 2023 U.S. Dist. LEXIS

26094, at *40-41 (S.D.N.Y. Feb. 15, 2023) (no alter ego jurisdiction where plaintiff did not plead

multiple *Volkswagenwerk* factors).

      *Fourth*, Resideo fails to sufficiently allege there is jurisdiction based on TWS USA's

purported acceptance of Purchase Orders with a New York forum selection clause.  (Compl. ¶ 17.)

The face of the Purchase Order states it is binding *only* on the "supplier to which this Purchase

Order is issued," and the Complaint establishes that the orders were "issued" only to TWS Hong

Kong.  (*Id.* ¶¶ 5, 9.)  The Purchase Order's forum selection clause does not purport to govern TWS

Hong Kong's affiliates.  Despite this, Resideo alleges that TWS USA is somehow bound merely because employees "communicated with Resideo" to "handle production forecasts, deliveries, and payments for the products at issue."  (*Id.* ¶ 17.)  Such allegations are insufficient because, among other things, a "contract cannot bind a non-party unless the contract was signed by the party's agent, the contract was assigned to the party, or the signatory is in fact the 'alter ego' of the party." *Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 390 (S.D.N.Y. 2019) (forum selection clause could not be enforced against a non-signatory that objected to jurisdiction); *Beskrone*, 2023 U.S. Dist. LEXIS 26094, at *38-39 (forum selection "provisions in contracts to which defendants are not parties" do not confer personal jurisdiction).

*Fifth*, Resideo fails to establish jurisdiction on the theory that its claims arose from TWS USA's business transactions under the long-arm statute.  (*See* Compl. ¶¶ 11, 14-17.)  Under CPLR 302(a)(1), jurisdiction may be proper when: "(1) the defendant has transacted business in New York; and (2) the cause of action arises out of the subject matter of the transacted business." *Painewebber Inc. v. WHV, Inc.*, 1995 U.S. Dist. LEXIS 6514, at *5 (S.D.N.Y. May 12, 1995).  A defendant "transacts business" when it has "purposely availed" itself of conducting business in New York and "invoke[d] the benefits and protection of New York laws." *Id.* (citing *McKee Electric Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377 (1967)).  "A court must look at the totality of circumstances" and "may not subject the defendant to jurisdiction based on 'random,' 'fortuitous,' or 'attenuated' contacts."  *Id.* (quoting *Cutco Industries v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)).  The defendant's minimum contacts "must provide a fair warning" of "being subject to courts of the forum state." *Id.* (citing *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460 (1988)).

Resideo's allegations do not satisfy this standard.  Resideo merely claims that TWS USA "employees regularly communicated with Resideo employees," some of whom were allegedly in

New York, "about the products at issue and to handle production forecasts, deliveries, and payments for the products at issue." (Compl. ¶¶ 17, 43.) Resideo does not allege that TWS USA and Resideo ever engaged in *any* "transactions" or entered any contracts, whether in New York or otherwise. Resideo does not allege that anyone from TWS USA ever set foot in New York or somehow shipped a product to Resideo in New York.

Resideo's vague allegations that TWS USA provided some unspecific amount of back-office support to Resideo's unidentified New York personnel about goods that a separate entity (TWS Hong Kong) sold to Resideo and shipped to El Paso also are insufficient. *Painewebber Inc.*, 1995 U.S. Dist. LEXIS 6514, at *7-8 (no jurisdiction where defendant engaged in telephone communications with New York and plaintiff performed and negotiated the parties' contract in New York; finding defendant's contacts were not intended to "project" itself into the New York market); *Navaera Sciences, LLC v. Acuity Forensic Inc.*, 667 F. Supp. 2d 369, 376 (S.D.N.Y. 2009) ("regular[] communicat[ion]" with plaintiff "in New York by telephone, email, and mail" is "insufficient to establish personal jurisdiction"); *Spencer Trask Ventures, Inc. v. Archos S.A.*, 2002 U.S. Dist. LEXIS 4396 (S.D.N.Y. Mar. 15, 2002) ("it is well settled that" "telephone and mail contacts generally do not constitute 'transacting business'" under long-arm).

Further, even if TWS USA's meager purported contacts with New York somehow constitute business transactions, Resideo does not even allege that its claims against TWS USA arise out of those contacts. That defect independently necessitates dismissal. *See, e.g., Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 75-76 (2d Cir. 2023) ("Even assuming Defendants transacted business in New York, the district court correctly dismissed for lack of personal jurisdiction because [plaintiff's] claims do not 'arise from' Defendants' business

activity"); *Barrett v. Tema Development (1988), Inc.*, 251 Fed. Appx. 698, 700 (2d Cir. Oct. 24, 2007) (affirming dismissal where claims did not arise out of alleged business transactions).

    *Finally*, Resideo fails to establish jurisdiction based on TWS USA's purported tortious activity.  (Compl. ¶ 19.)   Under CPLR 302(a)(3), jurisdiction may be proper when: "(1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce." *Penguin Group v. American*, 16 N.Y.3d 295, 302 (2011).   Resideo does not meet any of these bases for jurisdiction.  Initially, jurisdiction cannot arise from Resideo's negligent misrepresentation claim because it is defectively pled for the reasons discussed *infra*.  There are also no allegations that TWS USA purportedly "should have reasonably expected" its actions to "have consequences in New York," nor are there any nonconclusory allegations that TWS USA "derived substantial revenue from interstate commerce."  *Penguin*, 16 N.Y.3d at 302.  Beyond these bare pleading defects, Resideo also fails to allege that the allegedly tortious acts caused injury in New York because, among other things, it has not alleged that the "original event which caused the injury"— TWS USA's purported misrepresentations—were made in New York.  *Suber v. VVP Servs., LLC*, 2023 U.S. App. LEXIS 296, at *11 (2d Cir. Jan. 6, 2023).

## III.    RESIDEO FAILS TO PLAUSIBLY ALLEGE ALTER EGO LIABILITY AGAINST TWS USA

    Although the Complaint is deliberately unclear due to Resideo's improper pleading tactics, it appears that all claims against TWS USA, a Delaware LLC, are premised on the theory that it is liable as an alter ego of TWS Hong Kong.  (Compl. ¶¶ 14, 15.)  The Complaint fails to establish a reverse veil-piercing claim, which independently necessitates TWS USA's dismissal.

"Delaware law presumes respect for the corporate form," and a subsidiary "is presumed to be a separate and distinct entity." *Nieves v. Insight Bldg. Co., LLC*, 2020 Del. Ch. LEXIS 256, at *17-18 (Del. Ch. Aug. 4, 2020). "Similarities between entities" "do not negate this basic principle," and "disregard for the corporate form is not a remedy available to plaintiffs who merely wish to hold another entity liable in addition to the one with whom they contracted." *Id.*

The analysis has three steps. First, the Court considers whether Resideo sufficiently alleged "disregard" of the corporate form based on five factors: "(1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a facade for the dominant shareholder." *Cleveland-Cliffs Burns Harbor Ltd. Liab. Co. v. Boomerang Tube, Ltd. Liab. Co.*, 2023 Del. Ch. LEXIS 359, at *11 (Del. Ch. Sept. 5, 2023). Second, if these factors are sufficiently pled, the Court determines whether TWS USA is "a sham and exist[s] for no other purpose than as a vehicle for fraud." *Id.* Finally, if both steps are satisfied, Resideo must sufficiently allege certain "additional factors" to establish the propriety of its reverse veil-piercing theory. *Id.* at *15 n.93 (citing *Manichaean Capital, LLC v. Exela Techs., Inc.*, 251 A.3d 694, 714 (Del. Ch. 2021)).

The Complaint does not even attempt to satisfy these mandatory factors. It contains *no allegations* indicating that TWS USA was undercapitalized, insolvent, failed to observe corporate formalities, had its funds siphoned by TWS Hong Kong, or that TWS USA functioned as a façade. Tellingly, Resideo never even conclusorily suggests that TWS USA exists solely to perpetrate a fraud, nor does the Complaint include any allegations going to the additional reverse-piercing factors. Resideo's only alter ego allegations vaguely and conclusorily assert that TWS Hong Kong controls TWS USA for "important decisions." (Compl. ¶¶ 14, 15.) Such allegations do not

- 14 -

establish an "exceptional" case as required. *Cleveland-Cliffs*, 2023 Del. Ch. LEXIS 359, at *10; *Doberstein v. G-P Indus.*, 2015 Del. Ch. LEXIS 275, at *14 (Del. Ch. Oct. 30, 2015) (dismissing alter ego defendant where plaintiff failed to allege "manipulation of the corporate form").

At the same time, the Complaint includes several allegations that *affirmatively establish* TWS USA's corporate separateness, observance of corporate formalities, and legitimate business operations. (Compl. ¶ 3 (alleging TWS USA has a distinct principal place of business and seven independent offices); ¶ 14 (alleging that TWS Hong Kong "authorized" TWS USA to "act on its behalf"); ¶ 16 (alleging that TWS USA employees are "enlisted" to "assist" TWS Hong Kong with the latter's performance of contracts); ¶ 18 (alleging TWS USA promotes and sells TWS products to customers around the United States); ¶ 43 (alleging that TWS USA employees instructed Resideo to communicate with them, rather than TWS Hong Kong employees). The plaintiffs in *Cleveland Cliffs* did the same thing. As the Chancery Court found in that case, plaintiffs' "own allegations" that the entities had separate facilities and employees "subvert the notion that" they were "indistinguishable," "belie any inference" that they "functioned as a single economic entity," and "also make it unreasonable to infer that" such entity was a "sham." 2023 Del. Ch. LEXIS 359, at *13-14. The Court should dismiss TWS USA from the case for the same reasons.

## IV.   RESIDEO FAILS TO PLAUSIBLY STATE ANY CLAIM FOR WHICH RELIEF MAY BE GRANTED

### A.   The Breach of Contract and Warranty Claims Must Be Dismissed Because Resideo Fails to Allege It Provided Pre-Suit Notice to Either Defendant

Resideo's first three causes of action for breach of contract and warranty are defectively pled against both defendants. Where a tender of goods has been accepted, the "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." N.Y. U.C.C. § 2-607(3)(a); *English v. Danone N. Am.*

*Pub. Ben. Corp.*, 2023 U.S. Dist. LEXIS 109813, at *7 (S.D.N.Y. June 26, 2023) ("a buyer must provide the seller with timely notice of the alleged breach"; dismissing claim).

Resideo's Complaint is devoid of any allegations that it timely notified either defendant of the purported breaches of contract or warranty in relation to the tendered goods.  (Compl. ¶¶ 51-59.)  The closest Resideo comes is claiming that at some point after July 2021, "TWS" undertook an "analysis" of certain failed battery packs.  (*Id.* ¶¶ 51-52.)  But Resideo provides no indication that it put either defendant on notice of any purported breaches; it merely claims that Resideo, apparently on its own with ADT, undertook a "nationwide effort to identify and replace the TWS battery packs that failed," for which it now wants compensation.  (*Id.* ¶ 55.)

Such allegations are insufficient to carry Resideo's burden.  *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 101 (2d Cir. 2023) (affirming dismissal where plaintiff made "no mention of when, specifically" she notified defendant); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissal where plaintiffs "failed to allege they provided … timely notice of the alleged breach") (collecting cases).  Accordingly, its breach claims must be dismissed.

**B.     Resideo Fails to Allege an "Epidemic Failure" Under the Purchase Order Against Either Defendant**

Even if Resideo sufficiently alleged that it provided the required pre-suit notice, its breach of contract claim for an "epidemic failure" under the Purchase Order is defectively pled against both defendants and must be dismissed.  Resideo claims that both defendants are somehow liable because their purported breaches "also triggered the epidemic failure obligations in the Purchase Order."  (Compl. ¶ 64.)  Even if it were true that such obligations were *triggered*, the Complaint does not contain any allegations establishing that either defendant *breached* them.  The Purchase Order provides that if an "Epidemic Failure" occurred, Resideo was required to "promptly notify" the Supplier, who "will provide to Resideo a preliminary plan," after which the parties would

"diagnose the problem," effect a "permanent solution," and "agree on a plan" for remediation, among other things.  (*Id.* ¶ 50.)  Resideo does not allege it provided notice of an epidemic failure, nor does it allege that either defendant failed to perform any resulting obligations.  Thus, the claim must be dismissed.  *Anderson v. Greene*, 774 F. App'x. 694, 697 (2d Cir. May 28, 2019) ("[A] complaint must plead the specific provisions of the contract that were allegedly breached and the specific actions of the defendants that constituted that breach."); *Fleisig v. ED&F Man Capital Mkts., Inc.*, 2020 U.S. Dist. LEXIS 103678, at *9 (S.D.N.Y. June 12, 2020) (dismissal where plaintiff failed to "set forth any specific conduct … that breached any specific terms of a contract").

### C.     The Breach of Contract and Warranty Claims Against TWS USA Also Fail for Lack of Contractual Privity

Each of the breach of contract and warranty claims against TWS USA must be dismissed for the additional reason that Resideo does not (and cannot) plausibly allege that TWS USA was a party to any relevant contract.

*First*, the breach of contract claim fails because TWS USA was not plausibly bound by the Purchase Order.  "There can be no breach of contract claim against a non-signatory to the contract." *Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, 2019 U.S. Dist. LEXIS 43682, at *39 (S.D.N.Y. Mar. 17, 2019) (citing *Randall's Island Aquatic Leisure, LLC v. City of New York*, 92 A.D.3d 463 (1st Dept. 2012)). Resideo suggests that TWS USA somehow manifested its intent to be bound because it allegedly provided back-office services to Resideo in relation to TWS Hong Kong's fulfillment of goods.  (Compl. ¶ 17.)  That is not sufficient to state a claim.  *Randall's Island*, 92 A.D.3d at 463; *Array BioPharma, Inc. v. AstraZeneca AB*, 184 A.D.3d 463, 464 (1st Dept. 2020) (affirming dismissal of contract claim asserted against a nonsignatory); *CWCapital Invs. LLC v. CWCapital Cobalt VR Ltd.*, 182 A.D.3d 448, 452 (1st Dept. 2020) (same).

*Second*, the breach of warranty claims fail because Resideo has not alleged that it actually purchased any goods from TWS USA.  Under New York law, "express and implied breach of warranty claims seeking to recover for financial injuries" generally require "a showing of privity between the manufacturer and the plaintiff."  *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 101 (2d Cir. 2023) (affirming dismissal of breach of warranty claims where purchaser of goods had no contract with the manufacturer).  In New York, "only 'sellers' are liable for breach of warranty." *Rosen v. Hyundai Group (Korea)*, 829 F. Supp. 41, 49 (E.D.N.Y. 1993) (dismissing defendant because it was "undisputed" that it did not sell goods to plaintiffs).  Here, Resideo does not allege that TWS USA sold goods—rather, it alleges TWS Hong Kong did—so Resideo may not maintain a claim for breach of warranty against TWS USA.

### D.    Resideo Fails to Plead a Claim for Negligent Misrepresentation

The Complaint concludes with a generic claim for negligent misrepresentation.  It fails on the pleadings for numerous reasons.

*First*, Resideo's negligent misrepresentation claim is supported only by generalized allegations (Compl. ¶¶ 57, 79), but a claim for negligent misrepresentation must be pled with particularity under Rule 9(b).  *Baldeo v. Airbnb, Inc.*, 2023 U.S. Dist. LEXIS 176085, at *18 (S.D.N.Y. Sept. 29, 2023) (citing *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 583 (2d Cir. 2005) and *Lin v. Canada Goose US, Inc.*, 640 F. Supp. 3d 349, 361 (S.D.N.Y. 2022)). Resideo does not attempt to satisfy this pleading requirement, and provides none of the "who, what, when, where, and how" necessary to substantiate its claim. *EMA Fin., Ltd. Liab. Co. v. Joey N.Y., Inc.*, 2019 U.S. Dist. LEXIS 161454, at *20 (S.D.N.Y. Sept. 22, 2019). As a result, Resideo fails to plead any of the necessary elements against either defendant. *Anderson v. Unilever United States, Inc.*, 607 F. Supp. 3d 441, 460 (S.D.N.Y. 2022) (describing elements).

*Second*, Resideo fails to plausibly allege a special relationship with either defendant. *Mazella v. Coca-Cola Co*., 548 F. Supp. 3d 349, 359 (S.D.N.Y. 2021) (negligent misrepresentation requires the "existence of a special or privity-like relationship").  In the "commercial context, a closer degree of trust between the parties than that of the ordinary buyer and seller is required." *Id.*  It is not sufficient to allege merely that a manufacturer had comparatively greater "knowledge of the particulars of" its own business.  *JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 402 (S.D.N.Y. 2004) (allegations that defendants were "far more knowledgeable about the fiber optic cable business, and particularly the structure and specific capacity needs of [the] fiber optic network" were insufficient).

Here, Resideo generically claims that there is a special relationship purportedly due to "TWS's" "expertise with batteries and designing battery packs, including specifically its expertise with lithium-ion batteries."  (Compl. ¶ 27.)  Resideo does not even claim that it did not have the same expertise; to the contrary, Resideo claims it was independently able to test TWS Hong Kong's manufacturing quality.  (*Id.* ¶ 31.)  Simply, this "does not constitute the type of 'specialized knowledge' that is required in order to impose a duty of care in the commercial context."  *JP Morgan Chase Bank*, 350 F. Supp. 2d at 402; *Gusmao v. GMT Grp., Inc.*, 2008 U.S. Dist. LEXIS 58462, at *17 (S.D.N.Y. Aug. 1, 2008) (special and detailed knowledge of defendant's own business did not create a duty that could support a negligent misrepresentation claim).

*Third*, the claim is barred by the economic loss doctrine. "A plaintiff cannot seek damages by bringing a tort claim when the injury alleged is primarily the result of economic injury for which a breach of contract claim is available."  *Miramontes v. Ralph Lauren Corp*., 2023 U.S. Dist. LEXIS 78991, at *36 (S.D.N.Y. May 5, 2023) (dismissing negligent misrepresentation claim) (citing *Nat'l Credit Union Admin. Bd. v. Deutsche Bank Nat'l Tr. Co.*, 410 F.Supp.3d 662, 687

(S.D.N.Y. 2019).   Simply, if the damages "suffered are of the type remediable in contract, a plaintiff may not recover in tort." *Basso v. N.Y. Univ.*, 2020 U.S. Dist. LEXIS 223211, at *34 (S.D.N.Y. Nov. 30, 2020).   Here, the Complaint seeks the same damages for each cause of action. (Compl. ¶¶ 65, 69, 76, 81.)   Thus, Resideo's negligent misrepresentation claim must be dismissed.

*Fourth*, even if Resideo were not required to plead each element with particularity, it offers no non-conclusory allegations for two required elements—namely, that defendants made a "representation that [they] should have known was incorrect," and that Resideo "reasonably relied" on such representations.   *Anderson*, 607 F. Supp. 3d at 460.   The Complaint contains only conclusory averments for each element. (Compl. ¶ 79 ("TWS" made representations it "should have known were incorrect"); *id.* ¶ 37 (Resideo relied on "TWS's" "skill and expertise").) That is not sufficient. *Twombly*, 550 U.S. at 555.

## V.   ALTERNATIVELY, RESIDEO SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT OF THE COMPLAINT UNDER RULE 12(E)

If not dismissed outright, Resideo should be required to provide a more definite statement of any surviving claims because the Complaint is "so vague or ambiguous that [defendants] cannot reasonably prepare a response." Rule 12(e).   Resideo's impermissible group pleading deliberately obscures the defects in its claims.   At the least, it should be required to detail which allegations apply to which defendants.   *Caraveo v. Nielsen Media Research, Inc.*, 2002 U.S. Dist. LEXIS 6026, at *8 (S.D.N.Y. Apr. 8, 2002) (ordering more definite statement where the complaint did "not clearly identify which of the factual allegations are being asserted against which defendants").

## <u>CONCLUSION</u>

For the foregoing reasons, defendants respectfully request that the Complaint be dismissed.

Respectfully submitted:                    **REED SMITH LLP**

Dated:      October 23, 2023            */s/ John C. Scalzo*
             New York, New York          John C. Scalzo[2]
                                         Casey J. Olbrantz
                                         599 Lexington Avenue
                                         New York, NY 10022
                                         (212) 521-5400
                                         jscalzo@reedsmith.com
                                         colbrantz@reedsmith.com

                                         *Counsel for Defendants*

---

[2]     Pursuant to Rule 2.A. of the Court's Individual Practices in Civil Cases, TWS designates
        John C. Scalzo as its Lead Trial Counsel in this action.