**ReedSmith**

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**John C. Scalzo**
Direct Phone:  +1 212 549 0219
Email:  jscalzo@reedsmith.com

> Defendants' motion is GRANTED. The pretrial conference is adjourned *sine die* until after the motion to dismiss is fully briefed. In addition, Plaintiff is advised that if it declines to amend its pleadings to timely respond to an argument in the motion to dismiss, the Court is unlikely to grant leave to amend to cure defects that were made apparent by the briefing.
>
> The Clerk of Court is directed to terminate the motion at ECF No. 12.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: October 26, 2023

October 25, 2023

**VIA ECF**

Hon. Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, New York, New York 10007

Re: *Ademco Inc. (D/B/A Resideo) v. TWS Technology Ltd. et al.*, <u>No. 23-CV-8383 (AS) (SLC)</u>

Dear Judge Subramanian:

I write on behalf of defendants TWS Technology Ltd. ("**TWS Hong Kong**") and TWS Technology LLC ("**TWS USA**") (together, "Defendants"). In light of their pending motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2) and (6), Defendants request an adjournment of the November 8, 2023 initial pretrial conference and associated deadlines. (ECF 3.)  This is Defendants' first such request. The only other deadlines in this case concern the motion to dismiss. (*See* ECF 9-11.) Plaintiff Ademco Inc. ("**Resideo**") does not consent to the adjournment.

## I. Procedural History and Brief Factual Background

This lawsuit arises out of battery packs Resideo purchased from TWS Hong Kong for use in alarm systems Resideo manufactured and sold to a third party. Resideo originally sued Defendants in New York State Supreme Court, but on September 21, 2023, TWS Hong Kong removed the case to this Court on the basis of diversity jurisdiction. (ECF 1.) TWS Hong Kong is a Hong Kong limited company with its principal place of business in Hong Kong. (*Id.* ¶ 7(b).) TWS USA is a Delaware limited liability corporation whose sole member is TWS Hong Kong. (*Id.* ¶ 7(c).)

The Complaint includes counts against Defendants for (1) breach of contract, (2) breach of express warranty, (3) breach of implied warranty, and (4) negligent misrepresentation. Resideo claims "TWS" breached "its" contract and warranties by failing to deliver merchantable battery packs (ECF 1-1 ¶¶ 63, 68, 72), and that "TWS" made representations to Resideo regarding the design and performance of "its" battery packs that "it" should have known were incorrect. (*Id.* ¶ 79.)

The Complaint does not identify which "TWS" defendant—TWS Hong Kong or TWS USA—is responsible for which alleged acts or omissions but instead impermissibly groups them together. (*See, e.g., id.* ¶¶ 27-29 (Resideo chose "TWS" as manufacturer based on "TWS's experience with batteries"); 33-37 ("TWS" made "recommendations" to Resideo); ¶¶ 44-50 ("TWS" accepted Resideo's Terms and Conditions); (¶¶ 51-59 ("TWS" breached warranties to Resideo). Resideo does not have a contractual relationship with TWS USA. (*See id.*, Ex. A.) TWS Hong Kong is the counterparty to the Purchase Orders that Resideo claims were breached. (*Id.*) Resideo also asserts personal jurisdiction over TWS USA on grounds that it is TWS Hong Kong's "alter ego" and "agent." (*Id.* ¶¶ 14-17.) But the Complaint does not allege any facts to support either disfavored theory. To the contrary, Resideo concedes that Defendants observe corporate formalities and that TWS USA is a real business with its own customers. (*Id.* ¶¶ 3, 14, 16, 18, 43.)

On September 26, 2023, the Court scheduled the initial pretrial conference for November 8, 2023 (the "Pretrial Conference"). (ECF 3.) On October 12, 2023, Defendants asked Resideo if it would consent to an adjournment the Pretrial Conference pending resolution of the motion to dismiss, and explained the bases for the request and offered to confer. On October 24, 2023, Resideo stated that it would oppose any adjournment, but it did not provide the bases for its position.

## II. Legal Standard

The Court has broad discretion to grant adjournments of pretrial conferences. *See, e.g.*, *Gordon v. Tese-Milner (In re Gordon)*, 577 B.R. 38, 48 (S.D.N.Y. 2017) (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). An adjournment may be granted for any reason so long as it is not both arbitrary and prejudicial. *See id.* (citing *United States v. Stringer*, 730 F.3d 120, 127 (2d Cir. 2013)). Courts routinely adjourn pretrial conferences *sine die* when a motion to dismiss is filed. *Union Mut. Fire Ins. Co. v. Tejada*, 2023 U.S. Dist. LEXIS 3794, at *14 (S.D.N.Y. Jan. 9, 2023) (adjourning initial pretrial conference *sua sponte* after motion was filed); *Pryce v. United States*, 2022 U.S. Dist. LEXIS 140871, at *10 (S.D.N.Y. Aug. 8, 2022) (same); *Farmer v. Karpf, Karpf & Cerrutti P.C.*, 2020 U.S. Dist. LEXIS 69416, at *7 (S.D.N.Y. Apr. 20, 2020) (same); *Simmons v. Roundup Funding, LLC*, 2009 U.S. Dist. LEXIS 87383, at *2 (S.D.N.Y. Sep. 22, 2009) (same).

Further, in related contexts, courts in this District will delay proceedings where a defendant has filed a motion to dismiss that is "not unfounded" on the merits and that may dispose with parts of the case. *E.g.*, *Valentini v. Grp. Health Inc.*, 2021 U.S. Dist. LEXIS 42772, at *2-6 (S.D.N.Y. Mar. 8, 2021) (issuing stay of discovery where defendant's motion to dismiss made a "sufficient showing" that the motion had the "potential" to dispose of aspects of the case) (collecting cases); *Niv v. Hilton Hotels Corp.*, 2007 U.S. Dist. LEXIS 12776, at *7 (S.D.N.Y. Feb. 15, 2007) (staying discovery because pending motion to dismiss "appear[ed] not to be unfounded in the law").

## III. An Adjournment Is Warranted Because the Complaint Will Likely Be Dismissed and Any Delay Will Not Be Unfairly Prejudicial

Here, the Court should grant an adjournment of the Pretrial Conference in the interests of efficiency and judicial economy. As the motion to dismiss establishes, the Complaint will likely be dismissed in full. At the least, the motion establishes that TWS USA will likely be dismissed in full and that the claims against TWS Hong Kong will be significantly narrowed. Specifically:

(i) Defendants made a strong showing that the Complaint should be dismissed for violating Rule 8(a). The Complaint defined TWS Hong Kong and TWS USA as "TWS," and in the 60 allegations that describe the nature of Resideo's claims, Resideo specifically identified either defendant in just *one allegation*. This blatant group pleading and deliberate obscuring of Defendants fails to put either Defendant on fair notice of the claims against them, and unfairly prejudices their abilities to prepare a defense. Courts in this District "routinely dismiss" such complaints that use "generic group allegations." (Ex. 1 at 7-8.)

(ii) TWS USA made a strong showing that Resideo failed to establish personal jurisdiction. There is no general jurisdiction because Resideo does not allege TWS USA is "at home" here. Nor is there specific jurisdiction, as the only relevant allegations are that TWS USA provided back-office support to TWS Hong Kong, including by having incidental conversations with employees in New York. That is not enough to support specific


(ii)     jurisdiction over a nonresident. (*Id.* at 9-13.) TWS USA is also not a party to the Purchase Orders (ECF 1-1, Ex. A), and a principal's status is not imputed to agents. (Ex. 1 at 9.)

(iii)     TWS USA has also shown that it is exceedingly likely that Resideo's alter ego theories will be dismissed. The Complaint does not attempt to satisfy the mandatory factors; there are no allegations about undercapitalization, insolvency, corporate formalities, or fund siphoning, among other things. Resideo never even suggests that TWS USA exists solely to perpetrate a fraud. In fact, the opposite is true: Resideo's allegations fatally undercut its theory and establish TWS USA's corporate separateness. (Ex. 1 at 13-15.)

(iv)     TWS USA also demonstrated that the breach of contract and warranty claims against it must be dismissed for the simple reason that Resideo does not (and cannot) plausibly allege that TWS USA was a party to any relevant contract. (*Id.* at 17-18.)

(v)     Both Defendants have shown that all of the contract and warranty claims must be dismissed because the Complaint is devoid of allegations that Resideo timely notified Defendants of the purported breaches as required by the Uniform Commercial Code. (*Id.* at 15-16.)

(vi)     Both Defendants have also shown that Resideo's breach of contract claim for an "Epidemic Failure" must be dismissed because Resideo has not alleged facts establishing that either Defendant failed to perform any relevant contractual obligations. (*Id.* at 16-17.)

(vii)     Finally, Defendants have shown that Resideo's negligent misrepresentation claim fails to: (i) plead the required elements with particularity as required, (ii) offer any non-conclusory allegations to establish elements of the claim, (iii) establish a special relationship with either Defendant, or (iv) overcome the economic loss doctrine. (*Id.* at 18-20.)

Given these clear defects in both the clarity and legal sufficiency of the Complaint, and given the high likelihood that the parties and claims will be significantly narrowed (if not dismissed in full), Defendants respectfully submit that the Pretrial Conference is premature and would be an inefficient use of the parties' and Court's resources. Moore's Federal Practice § 1.22 (2023) (the Federal Rules should be construed to "ensure a fair resolution of a case without undue cost").

Resideo would also not be prejudiced by an adjournment. This case was removed one month ago and the motion to dismiss will be fully briefed next month. An adjournment pending resolution of the motion, which will clarify the "unresolved" nature of the Complaint's "viability," is not "unfair prejudice" as a matter of law. *Valentini*, 2021 U.S. Dist. LEXIS 42772, at *5-6. Conversely, Defendants will be prejudiced if they are forced to expend resources preparing a defense to facially defective claims that were deliberately pled to confuse. This prejudice would be severe for TWS USA, which is not subject to jurisdiction and has no contractual relationship with Resideo.

For the foregoing reasons, Defendants respectfully request that the Court adjourn the Pretrial Conference and its related deadlines *sine die*. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ John C. Scalzo*
John C. Scalzo