

---

**Neil L. Sambursky**
*Partner*
Email: nsambursky@pmtlawfirm.com

1140 Franklin Ave., Suite 214, Garden City, NY 11530
Ph: (516) 408-5388
Fax: (914) 236-1030

November 2, 2023

<u>Via ECF</u>
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 1007-1312

*Plaintiff's motion is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 16.*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J.*
*Date: November 2, 2023*

Re:   ***Ademco Inc. d/b/a Resideo v. TWS Technology Ltd., et.al.***
      Case No.: 1:23-cv-08383-AS

Dear Judge Subramanian,

We represent Plaintiff Ademco Inc. d/b/a Resideo ("Resideo"), along with Faris A. Rashid and Farah N. Famouri of Green Espel PLLP,[1] in this litigation.

We respectfully submit this letter-motion, pursuant to Your Honor's Individual Practices Rule 3(E) and 8(G)(ii), to: (1) notify the Court that Resideo intends to amend its Complaint in response to the motion to dismiss by Defendants TWS Technology Ltd. ("TWS Hong Kong") and TWS Technology LLC ("TWS USA"); (2) to request additional time within which to file an amended complaint; and (3) to stay briefing of Defendants' pending motion to dismiss.

On Monday, October 23, 2023, Defendants filed their motion to dismiss. Per the Court's Individual Practices, Resideo had until today, November 2, 2023, to submit this notice of amendment. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Resideo has until November 13, 2023, to amend its complaint as a matter of course.

Defendants' motion to dismiss raises multiple substantive issues, some of which depend in part on knowledge of the relationship between the two defendant entities, TWS Hong Kong and TWS USA. Defendants argue that Resideo's Complaint: (i) is an improper "group pleading" that fails to give Defendants fair notice of the claims against them; (ii) fails to allege specific facts sufficient to establish this Court's personal jurisdiction over TWS USA; and (iii) fails to sufficiently allege an alter ego relationship between TWS USA and TWS Hong Kong, both for purposes of establishing personal jurisdiction and also for liability. (Defendants do not argue that Resideo has failed to allege facts sufficient to establish this Court's jurisdiction over TWS Hong Kong.) In addition, Defendants argue that Resideo's allegations are insufficient to demonstrate Defendants' notice of the alleged contractual and warranty breaches and did not plead a negligent

---

[1] *Pro hac vice* applications are expected to be filed shortly.



_____

Hon. Arun Subramanian
November 2, 2023
Page 2 of 3

misrepresentation claim. As an alternative, Defendants move to require Resideo to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Resideo intends to amend its Complaint. Resideo anticipates significant revisions, including to address TWS Hong Kong and TWS USA separately throughout the Complaint and to further address the relationship between TWS Hong Kong and TWS USA. Resideo also intends to identify gaps in its knowledge about the relationship between Defendants, such that the parties and the Court can better evaluate the need for jurisdictional discovery. Resideo maintains that it has already sufficiently alleged an alter ego relationship between the two Defendants sufficient to meet its prima facie burden, but does not want to lose what may be its only opportunity to amend the Complaint and provide the most detail possible.

Resideo respectfully requests that its time to amend the Complaint be changed from November 13, 2023, to November 27, 2023. Resideo anticipates that this two-week extension will provide it time to address the issues raised by Defendants' motion.

Because Resideo intends to amend its Complaint, Resideo also respectfully requests that the Court stay the parties' remaining briefing for Defendants' motion. After Resideo submits its amended complaint, Defendants can decide whether to revise and resubmit their motion, or whether the amendments have sufficiently addressed Defendants' legal challenges. This request should promote a more efficient use of the parties' resources, and ultimately, the Court's time.

Respectfully submitted,
PILLINGER MILLER TARALLO, LLP

By_____
        NEIL L. SAMBURSKY

NLS/kk

cc: All Counsel Via ECF

Faris A. Rashid, Esq. (ffamouri@greeneespel.com)
Farah Famouri, Esq. (frashid@greeneespel.com)
GREENE ESPEL, PLLP
*Co-Attorneys for Plaintiff (to be admitted Pro Hac Vice)*



_____

**HON. ARUN SUBRAMANIAN**
**NOVEMBER 2, 2023**
**PAGE 3 OF 3**


Casey Joseph Olbrantz, Esq. (colbrantz@reedsmith.com)
John Christian Scalzo, Esq. (jscalzo@reedsmith.com)
REED SMITH LLP
*Attorneys for Defendants*