UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADEMCO INC. D/B/A RESIDEO,<br><br>                                   Plaintiff,<br><br>v.<br><br>TWS TECHNOLOGY (GUANGZHOU) LIMITED, TWS TECHNOLOGY LTD., and TWS TECHNOLOGY LLC,<br><br>                                  Defendants. | Case No. 23-CV-8383 (AS)<br><br>**PROTECTIVE ORDER** |

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" or "Confidential Attorneys' Eyes Only" (collectively, "Confidential Information") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

      a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

      b. previously nondisclosed material relating to ownership or control of any non-public company;

      c. previously nondisclosed business plans, product development information, or marketing plans;

      d. any information of a personal or intimate nature regarding any individual; or

      e. any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Confidential Attorneys' Eyes Only such portion of such material as consists of Confidential information that a producing person considers in good faith to constitute or contain trade secrets or other non-public, highly sensitive confidential research, development, technical, business, and/or financial information that has not become public, the disclosure of which is likely to cause harm to the competitive position of the producing person.

4. With respect to the Confidential Information portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" by

stamping or otherwise clearly marking as "Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that the transcript contains Confidential Information in which case the entire transcript shall be treated as containing Attorneys' Eyes Only Information for a fourteen day period from receipt of the final deposition transcript to all for a party to designate whether the entire transcript of any portion thereof to be designated as containing Confidential or Attorneys' Eyes Only, in which case such designated information shall be marked and treated accordingly. If at the end of the fourteen day period, there is no such designation, then the entire transcript will be considered undesignated pursuant to this Protective Order.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a. the parties to this action (if the party is a corporate entity, such disclosure shall be limited to up to eight employees or officers of a party who either have responsibility for making decisions dealing directly with the

3

      litigation of this action or who are assisting outside counsel in preparation for proceedings in this action);

b. outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, subject to compliance with Paragraph 8;

f. stenographers engaged to transcribe depositions conducted in this action;

g. any persons requested by outside counsel of record to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of a computer database from documents for outside counsel of record's use only; and

h. the Court and its support personnel.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Attorneys' Eyes Only to any other person whomsoever, except to:

   a. one party in-house attorney who has responsibility for making decisions directly dealing with the litigation of this action;

   b. outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, subject to compliance with Paragraph 8;

   e. stenographers engaged to transcribe depositions conducted in this action;

   f. any persons requested by outside counsel of record to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of a computer database from documents for outside counsel of record's use only; and

   g. the Court and its support personnel.

8. Further, prior to disclosing Confidential or Attorneys' Eyes Only to a Receiving Party's proposed expert or consultant, the Receiving Party must provide to the

Producing Party (a) a signed Non-Disclosure Agreement in the form annexed as Exhibit hereto; (b) the resume or curriculum vitae of the proposed expert or consultant, including identifying the proposed expert's or consultant's current employer; (c) a list that identifies each person or entity for which the proposed expert or consultant has consulted during the last four years, and that identifies the general subject matter of the work; and (d) a listing of cases in which the proposed expert or consultant has testified as an expert at trial or by deposition within the preceding four years. The producing party will thereafter have five business days from receipt of this material to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within five business days constitutes approval. If the Parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There will be no disclosure to any proposed individual during the five business day objection period, unless that period is waived by the producing party. Unless the Parties otherwise resolve the objection, the objecting party shall have an additional seven business days from the end of the objection period to file an appropriate motion to preclude the employment of the expert or consultant and/or disclosures of Confidential or Attorneys' Eyes Only material to him or her, and no Confidential or Attorneys' Eyes Only material that is the subject of the objection will be disclosed until the motion is decided. The times to respond as set out in this paragraph shall not begin to run unless the identifying information served regarding the expert complies with the requirements set out herein.

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. Any party who either objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential Information. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," or "Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding, each attorney of record may retain a copy of any Confidential or Attorneys' Eyes Only document that was submitted to the Court, a set of all deposition transcripts, a set of all deposition exhibits, a set of all trial exhibits, and all correspondence generated in connection with the action.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: November 20, 2024          /s/Faris Rashid

Neil L. Sambursky, Esq.
**PILLINGER MILLER TARALLO, LLP**
1140 Franklin Avenue, Suite 214
Garden City, New York 11530
nsambursky@pmtlawfirm.com
(516) 408-5388
PMT File No. N-RESID-00123

Faris Rashid, Reg. No. 0391508
   (pro hac vice)
Farah N. Famouri, Reg. No. 0403295
   (pro hac vice)
Michelle K. Erickson, Reg. No. 0504419
   (pro hac vice)
**GREENE ESPEL PLLP**
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
frashid@greeneespel.com
ffamouri@greeneespel.com
merickson@greeneespel.com
(612) 373-0830

**Attorneys for Plaintiff Ademco Inc.
d/b/a Resideo**

Dated: November 20, 2024
New York, NY

                                              */s/ Alex G. Patchen*
Alex G. Patchen
Ari J. Jaffess
Ronald Abramson
Gina K. Kim
**LISTON ABRAMSON LLP**
The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, NY 10174
Tel: (212) 257-1630
Email: docket@listonabramson.com

*Attorneys for Defendants*

**SO ORDERED.**

Dated: November 25, 2024
       New York, NY                                       ARUN SUBRAMANIAN, U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADEMCO INC. D/B/A RESIDEO,<br><br>    Plaintiff,<br><br>v.<br><br>TWS TECHNOLOGY (GUANGZHOU) LIMITED, TWS TECHNOLOGY LTD., and TWS TECHNOLOGY LLC,<br><br>    Defendants. | Case No. 23-CV-8383 (AS)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____