# LISTON ABRAMSON

The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, New York 10174

New York Office
Main: (212) 257-1630
www.listonabramson.com

April 16, 2025

**The motion to compel is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 71.**

**_VIA ECF_**

**SO ORDERED.**

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
(212) 805-0238
SubramanianNYSDChambers@nysd.uscourts.gov

*[signature]*

**Arun Subramanian, U.S.D.J.**
**Date: April 23, 2025**

  Re: Defendants' Opposed Motion to Compel – _Ademco Inc. d/b/a Resideo v. TWS Technology (Guangzhou) Limited et al._, 23-CV-8383 (AS)

Dear Judge Subramanian:

  Pursuant to the Court's Individual Practice Rule 5, Defendants TWS Technology (Guangzhou) Limited, TWS Technology Ltd., and TWS Technology LLC (collectively, "Defendants") respectfully submit this opposed letter motion to compel Plaintiff to produce the report by Exponent regarding battery failure(s) in the alarm panels at issue in this litigation, believed to be dated on or about Nov. 8, 2022.

  Plaintiff's technical expert is Dr. Kevin White of the company Exponent. In addition to Dr. White's report in this litigation, Exponent created multiple reports directly related to backup batteries in the alarm panels manufactured by Plaintiff at issue in this case. Plaintiff produced two of the prior Exponent reports in the course of discovery that were both created in 2022. In the deposition of Dr. White, which took place on April 9, per party agreement, it became clear that there is a third Exponent report from on or about Nov. 8, 2022, regarding failures of backup batteries in these very same alarm panels, which Dr. White had reviewed for an hour around the time the report was created.

  Defendants' position is that any report regarding batteries in these alarm panels is relevant to the parties' claims and defenses. Plaintiff claims that this particular report, which Plaintiff's counsel has stated relates to a battery issue in the alarm panels in question, is somehow irrelevant to the parties' claims and defenses.

  Plaintiff also alleges that this report is protected by privilege. Plaintiff pointed to a single entry in its privilege log[1] that lists the name of this particular file, without any notation of who at Exponent produced the report, who received it, or what claim of privilege is being asserted. The report may be attached to an email in the entry directly above on the log, which has a notation of

---

[1] It is unclear to Defendants why Plaintiff elected to include in its privilege log in this case a report that Plaintiff now claims is irrelevant to this case.

"Attorney Client privileged communications." Defendants do not seek the email, but only the report, which may have been attached, and note that the email includes multiple non-Plaintiff, Exponent, personnel, so it is unclear how attorney-client privilege could have been maintained. During the meet and confer, counsel for Plaintiff also noted that the report is protected by work product protection, but there is no related claim of work product on Plaintiff's privilege log.

Counsel for Plaintiff also indicated that Defendants are out of time to seek production of this report, since it was referenced in Dr. White's report in this case as having been worked on for an hour and separately on Plaintiff's privilege log. Defendants were unaware of the existence of this third report, and instead believed the referenced work on a report by Dr. White to pertain to one of the other two previously produced Exponent reports, which were also created in proximity in date to this third report. Defendants also note that the privilege log entries are in proximity in date and kind to those related to the other two produced Exponent reports.

The parties met and conferred via video call for approximately 30 minutes on Apr. 15, 2025, with lead trial counsel for both parties in attendance, including Faris Rashid for Plaintiff and the undersigned and Alex Patchen for Defendants. The parties reached an impasse, and Plaintiff opposes the requested production of the Exponent report.

Defendants respectfully request that the Court order Plaintiff to produce this third Exponent report.

Respectfully Submitted,

/s Ari J. Jaffess
Ari J. Jaffess